# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00465-GCM

| | |
|---|---|
| CALVIN LATIMER, | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| NORTH CAROLINA DEPARTMENT OF TRANSPORTION, | ) **ORDER** |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on Plaintiff's pro se "1. Motion: Restore Memorandum/Recommendation, 2. Motion: To RE Hear, 3. Motion: For Reconsideration, 4. Motion: To Review the Dismissal." [Doc. 7].

On September 19, 2019, Plaintiff Calvin Latimer ("Plaintiff") filed a Pro Se Complaint against Defendant North Carolina Department of Transportation ("DOT") purporting to state several claims.[1] [Doc. 1]. Plaintiff's Complaint was dismissed on initial review for failure to state a claim. [Doc. 4].

Plaintiff files the pending motion under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. [Doc. 1]. Plaintiff, however, provides literally no grounds in support of his motion. It is a single page with no text other than the case caption, the motion title, and bare reference to Rules 59(e) and 60(b). [See id.].

---

[1] A full recitation of Plaintiff's claims can be found at Docket Entry No. 4 in this matter and need not be repeated here.

Regarding motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has no grounds for relief under Rule 59(e), let alone the existence of the limited circumstances under which a Rule 59(e) motion may be granted.

Rule 60 of the Federal Rules of Civil Procedure addresses relief from a judgment or order. Subsection (b) sets forth the grounds for relief (other than clerical mistakes, oversights and omissions). Subsection (b) allows the court to grant relief from an order or judgment if one of the six enumerated grounds are shown. See Fed. R. Civ. P. 60(b). Plaintiff, again, has stated no grounds in support of his single-page motion. [See Doc. 1].

Because Plaintiff has shown no grounds for relief under Rule 59(e), Rule 60(b), or otherwise, the Court will deny Plaintiff's motion.

## V. CONCLUSION

For the foregoing reasons, the Plaintiff's motion [Doc. 7] will be denied.

**IT IS THEREFORE ORDERED** that:

Plaintiff's motion [Doc. 7] is **DENIED**.

Signed: November 18, 2019

Graham C. Mullen
United States District Judge

3